UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Kormahyah Karmue

  v.         Case No. 17-cv-107-LM-AKJ

David Remington, Chief Deputy
United States Marshal, et al.

**REPORT AND RECOMMENDATION**

Before the court is defendant Dr. Edward Blanchette's motion to dismiss (Doc. No. 91) plaintiff Kormahyah Karmue's second amended complaint (Doc. No. 70) ("SAC"), to the extent the SAC asserts claims against Dr. Blanchette, on the basis that the court lacks personal jurisdiction over Dr. Blanchette. Plaintiff objects. See Doc. No. 93.

**Rule 12(b)(2) Standard**

Dr. Blanchette's motion is filed under Rule 12(b)(2) of the Federal Rules of Civil Procedure, which provides for dismissal of an action against a defendant for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). When a defendant contests personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of persuading the court that jurisdiction exists. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002).

Where, as here, the court considers a Rule 12(b)(2) motion without holding an evidentiary hearing, the court applies the "prima facie" standard. See United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). Under that standard, the plaintiff is required to "proffer evidence which, taken at face value, suffices to show all facts essential to personal jurisdiction." Baskin-Robbins Franch'g LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016). The court takes the plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [plaintiff's] jurisdictional claim." A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016). A plaintiff may not "'rely on unsupported allegations in [its] pleadings.' Rather, [the plaintiff] must put forward 'evidence of specific facts' to demonstrate that jurisdiction exists." Id. (citations omitted). Facts offered by the defendant "'become part of the mix only to the extent that they are uncontradicted.'" Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009) (citation omitted).

**Background**

On May 18, 2018, this court issued an Order (Doc. No. 68) ("May 18 Order") directing that the SAC be served on certain individuals, including Dr. Blanchette. In the May 18 Order, the

2

court specifically instructed the clerk's office "to prepare and issue" a summons form for Dr. Blanchette using the WDC address, and then to forward the summons, along with a copy of, inter alia, the SAC to the United States Marshals Service ("USMS") to effect service on Dr. Blanchette pursuant to Federal Rule of Civil Procedure 4(e). May 18 Order, at 4-5. Because the plaintiff is proceeding in forma pauperis in this matter, the court directed service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). See May 18 Order, at 4-5.

The clerk's office issued the summons for Dr. Blanchette, as directed, on May 23, 2018. See Doc. No. 71-2. On August 2, 2018, the return of service (Doc. No. 85) was filed in this court, indicating that the summons and documents the clerk's office issued for service on Dr. Blanchette were served upon David Tomasso, a WDC employee, at the WDC on July 13, 2018. The return indicates that Tomasso "is designated by law to accept service of process on behalf of" the WDC, but the return does not indicate that he is designated to accept service on behalf of Dr. Blanchette. Doc. No. 85, 2. The documents were placed in Dr. Blanchette's mailbox at the WDC, as Dr. Blanchette was on vacation on July 13, 2018. Dr. Blanchette received the documents when he returned from vacation.

In his motion to dismiss, Dr. Blanchette states that Tomasso was not authorized to accept service on Dr. Blanchette's

3

behalf.  To the extent Tomasso may have authority to accept service on behalf of the WDC or its employees, Dr. Blanchette asserts that such authority did not extend to Dr. Blanchette, as he is not a WDC employee.  Karmue has not countered those factual assertions or provided any evidence that Dr. Blanchette has been properly served with a summons in this case.

## Discussion

Although the court cannot exercise personal jurisdiction over a defendant who is not properly served, see United Elec., Radio & Machine Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992), the failure to effect proper service on Dr. Blanchette is not attributable to Karmue, and that provides grounds for denying the motion to dismiss here. Karmue is incarcerated, and he is proceeding in this action in forma pauperis pursuant to 28 U.S.C. § 1915.  "A plaintiff proceeding in forma pauperis is entitled to rely upon service by the [USMS] and should not be penalized for failure of the [USMS] to properly effect service of process, where such failure is through no fault of the litigant."  Rochon v. Dawson, 82 F.2d 1107, 1110 (5th Cir. 1987); see also Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) (declining to penalize in forma pauperis plaintiff for USMS's delay in effecting service of process).

4

Here, pursuant to § 1915(d) and Rule 4(c)(3), the court directed the USMS to effect service on Dr. Blanchette, utilizing the WDC address, but proper service was not effected. The court has no reason to believe that Karmue, who is incarcerated in another state, would have had the ability to obtain any additional information, such as the hours and dates when Dr. Blanchette might be available to receive personal service at the WDC, to enable the USMS to correct the defect in service. For these reasons, the court declines to penalize Karmue for the failure to effect proper service, as "the failure is not attributable to the plaintiff himself." Rochon, 82 F.2d at 1110. Accordingly, the district judge should deny Dr. Blanchette's motion to dismiss (Doc. No. 91), without prejudice to his ability to file a new motion to dismiss if service upon him is not properly effected within sixty days of the date of this R&R, pursuant to the Order that the court is issuing on this date.

## Conclusion

For the foregoing reasons, the district judge should deny defendant Dr. Edward Blanchette's motion to dismiss (Doc. No. 91) without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day

5

period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                    Andrea K. Johnstone
                                                    United States Magistrate Judge

January 29, 2019

cc: Kormahyah Karmue, pro se
    Bethany N. Wong, Esq.
    Matthew C. Reeber, Esq.
    Patrick J. McBurney, Esq.
    Michael G. Sarli, Esq.
    Per C. Vaage, Esq.