UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Kormahyah Karmue

    v.                         Case No. 17-cv-107-LM-AKJ

David Remington, Chief Deputy
United States Marshal, et al.

**REPORT AND RECOMMENDATION**

Before the court is plaintiff Kormahyah Karmue's motion (Doc. No. 78) to amend the complaint in this matter. No defendant who has appeared in this action has responded to the motion. In his motion, Karmue seeks to: (1) amend the allegations and name defendants to the claims set forth in the May 18, 2018 Report and Recommendation ("May 18 R&R") (Doc. No. 67) as Claims 7 and 8; and (2) assert claims against United States Marshals Service for the District of Rhode Island ("USMS-RI") Chief Deputy David Remington.

**Discussion**

I.    Standard for Motion to Amend

In general, under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend is to be "freely given." Fed. R. Civ. P. 15(a). One ground for denying a proposed amendment is futility. See Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95,

98 (1st Cir. 2007). To assess whether the proposed amendment is futile, this court applies the standard for preliminary review of claims set forth in the May 18 R&R.

II. Claim 7

In the May 18 R&R, the court set forth Claim 7 as follows:

> 7. One or more unnamed [Donald D. Wyatt Detention Center ("WDC")] officers violated Karmue's Fifth and/or Fourteenth Amendment right not to be subjected to punishment during pretrial confinement, or his Eighth Amendment right to avoid cruel and unusual punishment after sentencing, by forcing him to sleep in a top bunk with knowledge that such a bed assignment would cause Karmue pain due to his physical limitations occasioned by his medical conditions.

Karmue now seeks to amend Claim 7 to allege that an individual whom he identifies as "Dr. David Blanchette" "forced [Karmue] to sleep in a top bunk in which he had to climb up and down a ladder . . . while he was in terrible hip, back, and leg pain." The court presumes that Karmue intended to name "Dr. Edward Blanchette" as the defendant to Claim 7, as Dr. Edward Blanchette treated Karmue at the WDC and is already a defendant in this case.[1]

Karmue has stated sufficient facts to allow Claim 7 to proceed against Dr. Edward Blanchette. Accordingly, the

---

[1] Dr. Edward Blanchette is the named defendant in the claims identified in the May 18 R&R as Claims 5 and 6.

2

district judge should grant Karmue's motion to amend in part, to the extent Karmue seeks to amend Claim 7 to name Dr. Edward Blanchette as the defendant to that claim. In an Order issued simultaneously with this R&R ("Simultaneous Order") the court vacates the portion of the May 18 R&R recommending dismissal of Claim 7.

III. Claim 8

In the May 18 R&R, the court set forth Claim 8 as follows:

> 8. One or more unnamed WDC officers violated Karmue's First Amendment right to petition the government for a redress of grievances when, in retaliation for Karmue's repeated requests for medical care and complaints about the inadequacy of his medical care, those officers caused Karmue to be transferred from the WDC medical clinic to SHU and then threatened to house Karmue in conditions worse than those in SHU.

In the May 18 R&R, the court recommended the dismissal of this claim, as Karmue had failed to name a defendant responsible for the harms alleged therein. In his motion to amend (Doc. No. 78), Karmue has named WDC Sgt. Z. Robbin as a defendant to this claim.

Claim 8 may proceed against Sgt. Robin. Accordingly, the district judge should grant the motion to amend in part, to the extent Karmue seeks to amend Claim 8 to add Sgt. Robbin as the defendant to that claim. In the

Simultaneous Order, the court vacates the portion of the May 18 R&R recommending dismissal of Claim 8.

IV. David Remington

In the May 18 R&R, the court recommended that Remington be dismissed from this action as Karmue had failed to assert specific facts demonstrating that Remington bore responsibility for any of the harms alleged in Karmue's Second Amended Complaint (Doc. No. 70). In the instant motion to amend, Karmue identifies several causes of action and theories of liability in an effort to state a claim against Remington, specifically: supervisory liability; failure to supervise or train USMS-RI deputies; failure to remedy wrongs committed by other defendants; creation of a policy or custom under which unconstitutional practices occurred,; and failure to protect Karmue from violations of his rights by other defendants.

To assert a claim sufficient to proceed in this action, the plaintiff must assert "'more than a rote recital of the elements of a cause of action.'" Garcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (citation omitted). Karmue has failed to assert any specific facts demonstrating that Remington acted, or failed to act, in a manner that violated Karmue's rights. The district judge should deny Karmue's motion to amend

in part, to the extent it seeks to assert claims against Remington. Further, the district judge should approve the May 18 R&R, as amended by the Simultaneous Order, which recommends dropping Remington from this action.

## Conclusion

For the foregoing reasons, the district judge should grant in part and otherwise deny Karmue's motion to amend (Doc. No. 78), as follows. The district judge should grant the motion to the extent it seeks to: (1) name Dr. Edward Blanchette as a defendant to Claim 7, and (2) name WDC Sgt. Z. Robbins as a defendant to Claim 8. The motion should otherwise be denied; stripped of legal conclusions, the motion fails to state claims against USMS-RI Chief Deputy David Remington upon which relief can be granted. Upon approval of this R&R, the district judge should refer this matter to the magistrate judge for an order directing service upon Dr. Blanchette and Sgt. Robbin.

Any objections to this R&R must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to

appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                 _____
                                                                 Andrea K. Johnstone
                                                                United States Magistrate Judge

February 1, 2019

cc:   Kormahyah Karmue, pro se
      Bethany N. Wong, Esq.
      Matthew C. Reeber, Esq.
      Patrick J. McBurney, Esq.
      Michael G. Sarli, Esq.
      Per C. Vaage, Esq.